**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50486 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-00189-AJB |
| v. | |
| CARLOS DANIEL RAMIREZ-RODRIGUEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted October 14, 2015[**]

Before:     SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

Carlos Daniel Ramirez-Rodriguez appeals from the district court's judgment

and challenges the 168-month sentence imposed following his guilty-plea

conviction for conspiracy to import controlled substances, in violation of 21 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§§ 952, 960, and 963; and importation of a controlled substance, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

First, Ramirez-Rodriguez contends that the district court violated due process and Federal Rule of Criminal Procedure 32(i)(1)(C) when it relied on previously undisclosed evidence about his codefendants' personal histories at sentencing. Because Ramirez-Rodriguez did not object to the use of the evidence at the sentencing hearing, we review for plain error. *See United States v. Warr*, 530 F.3d 1152, 1162 (9th Cir. 2008). Ramirez-Rodriguez fails to establish that there was plain error affecting his substantial rights, because he cannot show a reasonable probability that he would have received a different sentence had the court not considered the evidence. *See id.* at 1163.

Second, Ramirez-Rodriguez contends that the district court procedurally erred by failing to explain adequately the sentence. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The district court sufficiently explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Finally, Ramirez-Rodriguez contends that his sentence is substantively unreasonable in light of the significant mitigating factors he presented at

14-50486

sentencing.  The district court did not abuse its discretion in imposing Ramirez-Rodriguez's sentence.  *See Gall v. United States,* 552 U.S. 38, 51 (2007).  The below-Guidelines  sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the nature of the offense.  *See Gall*, 552 U.S. at 51.

**AFFIRMED.**